PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Julius Schurkman							Cr.: 97 CR 237 (NHP)

Name of Sentencing Judicial Officer: Politan

Date of Original Sentence: 12/11/97

Original Offense: Conspiracy to commit mail(18 USC 371) and wire fraud (18 USC 1341)

Original Sentence: 108 months Imprisonment, 36 months Supervised Release

Type of Supervision: Supervised Release					Date Supervision Commenced: 12/9/05

Assistant U.S. Attorney: Bohdan Vitvitsky					Defense Attorney: John Yauch

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**' |
| | The offender failed to submit monthly supervision reports for the months of December 2005, January and February 2006. |
| 2 | The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**' |
| | On March 7, 2006, the offender failed to answer his probation officer truthfully when asked, "if he had any contact with convicted felons Daniel Charboneau and Donald Gonczy." |

3  The offender has violated the supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**'

  The offender failed to report his contact with convicted felons Daniel Charboneau and Donald Gonczy on his monthly supervision report for the months of January and February of 2006.

4  The offender has violated the supervision condition which states '**You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**'

  From on or about February 2, 2006 to February 28, 2006, the offender associated with convicted felons Daniel Charboneau and Donald Gonczy without the permission of the Probation Officer.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____
Nancy Hildner
Senior U.S. Probation Officer
Date:

THE COURT ORDERS:

[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons. Date of Hearing: _____
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

_____
3/22/06
Date

NJPROB 12D
(4/99)

# United States Probation Office

## United States District Court
## for the District of New Jersey

### VIOLATION OF SUPERVISED RELEASE REPORT
March 10, 2006

**Name of Offender:** Julius Schurkman                **Docket Number:** 96-00326-001

**Offender Address:** Salvation Army, Valhalla, New York

**DOB:** 1/7/30                                       **Reg. Number:**

**Name of Judicial Officer:** To be assigned

**Date of Original Sentence:** 12/11/97

**Original Offense:** Conspiracy to commit mail and wire fraud, 18 USC 371 and 18 USC 1341

**Class:** Class D Felony                             **Criminal History Category:** IV

**Original Sentence:** 108 months imprisonment; 3 years supervised release.

**Current Custodial Status:** At liberty.

**Special Conditions:** Financial Disclosure.

**Date Supervision Commenced:** 12/9/05               **Date Supervision Expires:** 12/8/08

**Assistant U.S. Attorney:** Bohdan Vitvitsky, 970 Broad Street, Room 502, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** John Yauch, 972 Broad Street, 2nd Floor, Newark, New Jersey 07102, (973) 645-6347

**THE PRESENTENCE REPORT DATED 9/23/97 IS ATTACHED.**

2      The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**'

On his monthly supervision report for January and February, 2006, Schurkman answered no to the question "Did you have any contact with anyone convicted of a felony." Surveillance photos taken on February 28, 2006, show Schurkman sitting at a computer training class in Manhattan with Daniel Charboneau, convicted in the Southern District of Florida on Conspiracy to Defraud the United States and was sentenced to 24 months imprisonment with 2 years supervised release.

In addition, the surveillance details observed both offender's arriving and leaving class together. The offender's were observed boarding a Metro North Train together.

Phone records obtained by the Probation Office indicate that Schurkman contacted Donald Gonczy 13 times between February 2, 2006 and February 15, 2006. Gonczy was convicted in the District of Massachusetts on a charge of Conspiracy to Commit Mail Fraud and Wire Fraud and was sentenced to 84 months imprisonment and 3 years supervised release on 31 counts.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

3      The offender has violated the supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**'

During a March 7, 2006 office visit to the U.S. Probation Office in White Plains, New York, Schurkman denied having contact with Daniel Charboneau or Donald Gonczy. As mentioned above, surveillance photos and phone records indicate Schurkman was not being truthful.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

4      The offender has violated the supervision condition which states '**You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**'

Schurkman had contact with Daniel Charboneau, convicted of Conspiracy to Defraud the United States and Donald Gonczy, convicted of Conspiracy to Commit Mail Fraud and Wire Fraud.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

**OFFENDER'S COMMENTS AS TO ALLEGED VIOLATIONS:**

2     The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**'

On his monthly supervision report for January and February, 2006, Schurkman answered no to the question "Did you have any contact with anyone convicted of a felony." Surveillance photos taken on February 28, 2006, show Schurkman sitting at a computer training class in Manhattan with Daniel Charboneau, convicted in the Southern District of Florida on Conspiracy to Defraud the United States and was sentenced to 24 months imprisonment with 2 years supervised release.

In addition, the surveillance details observed both offender's arriving and leaving class together. The offender's were observed boarding a Metro North Train together.

Phone records obtained by the Probation Office indicate that Schurkman contacted Donald Gonczy 13 times between February 2, 2006 and February 15, 2006. Gonczy was convicted in the District of Massachusetts on a charge of Conspiracy to Commit Mail Fraud and Wire Fraud and was sentenced to 84 months imprisonment and 3 years supervised release on 31 counts.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

3     The offender has violated the supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**'

During a March 7, 2006 office visit to the U.S. Probation Office in White Plains, New York, Schurkman denied having contact with Daniel Charboneau or Donald Gonczy. As mentioned above, surveillance photos and phone records indicate Schurkman was not being truthful.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

4     The offender has violated the supervision condition which states '**You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**'

Schurkman had contact with Daniel Charboneau, convicted of Conspiracy to Defraud the United States and Donald Gonczy, convicted of Conspiracy to Commit Mail Fraud and Wire Fraud.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

**OFFENDER'S COMMENTS AS TO ALLEGED VIOLATIONS:**

None

**STATUTORY PROVISIONS:**

Title 18, U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. Accordingly, the court shall require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Pursuant to Title 18, U.S.C. § 3583(e)(3), if revoked, he is facing a maximum statutory penalty of two years imprisonment.

Title 18, U.S.C. § 3583(h) provides for a term of supervised release following revocation when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3). The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The reimposition of a term of supervised release is allowable in all cases regardless of the offense date.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of IV and a Grade C violation, Julius Schurkman faces a guideline range of 6 to 12 months. The statutory maximum term of imprisonment in this case is 24 months, pursuant to 18 U.S.C. § 3583(e)(3).

Upon a finding of a Grade C violation, pursuant to U.S.S.G. § 7B1.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Pursuant to § 7B1.5(b), upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered for time served on post-release supervision.

Where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: NANCY HILDNER
Senior U.S. Probation Officer

/nh

APPROVED:

_____  3/14/06
MICHAEL A. McLEAN        Date
Supervising U.S. Probation Officer